IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VICKI MILLER HODNETT,          )
                                          )
          Plaintiff,         )
                                          )
       vs.               )   Civil Action No.   2:18-1074
                                          )
ANDREW M. SAUL, Commissioner of   )
Social Security,[1]           )
                                          )
          Defendant.     )
                                          )
                                          )

AMBROSE, Senior District Judge

**OPINION**
**and**
**ORDER OF COURT**

**SYNOPSIS**

Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 10, 12]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 11, 13]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment and granting Defendant's Motion for Summary Judgment.

**I. BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB")

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 18, 2019, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

1

under Title II of the Social Security Act ("Act"). On or about September 17, 2013, Plaintiff applied

for DIB. [ECF No. 6-2, at 12]. In her application, she alleged that since June 30, 2013, she had

been disabled due to sleep apnea, COPD, morbid obesity, and severe back pain. [ECF No. 6-8

(Ex. 2E)]. Her date last insured is December 31, 2018. [ECF No. 6-2, at 14].[2] The state

agency denied her claims initially, and she requested an administrative hearing. Administrative

Law Judge ("ALJ") Christian Bareford held a hearing on February 9, 2017, at which Plaintiff was

represented by counsel. [ECF No. 6-3]. Plaintiff appeared at the hearing and testified on her

own behalf. Id. A vocational expert also was present at the hearing and testified. Id. at 55-65,

72-73. In a decision dated August 9, 2017, the ALJ found that Plaintiff could perform her past

relevant work as a receptionist, supervisor of lending activities, and mortgage clerk, and,

therefore, that Plaintiff was not disabled under the Act. [ECF No. 6-2, at 12-22].[3] Plaintiff

requested review of the ALJ's determination by the Appeals Council, and, on July 9, 2018, the

Appeals Council denied Plaintiff's request for review. [ECF No. 6-1, at 1-6]. Having exhausted

all of her administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. [ECF Nos. 10, 12]. The

issues are now ripe for my review.

## II.     LEGAL ANALYSIS

### A.     STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in

the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir.

---

[2] To receive DIB, Plaintiff must establish that she became disabled prior to December 31, 2018, the date on which her insured status expired, or "date last insured." 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B); 20 C.F.R. § 404.131(a).

[3] The ALJ did not make an alternate step 5 finding with respect to other work a person with Plaintiff's RFC could perform.

1989). Regardless of "the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (U.S. 2019). Substantial evidence has been defined as "more than a mere scintilla." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek, 139 S. Ct. at 1154. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to her previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

## B. WHETHER THE ALJ ERRED IN CONCLUDING THAT PLAINTIFF'S MAJOR DEPRESSIVE DISORDER WAS NON-SEVERE

Plaintiff argues that the ALJ erred at step two of the sequential evaluation process in determining that her major depressive disorder was a non-severe mental impairment. [ECF No. 11, at 3-13]. I disagree. The step-two inquiry into an impairment's severity "is a *de minimis* screening device to dispose of groundless claims." Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003). As set forth in 20 C.F.R. § 404.1522(a), an impairment or combination of impairments is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities. The regulations define basic work activities as the abilities or aptitudes necessary to do most jobs, including mental activities such as understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work

setting.   20 C.F.R. § 404.1522(b).   Thus, an impairment is not severe if the evidence establishes only a slight abnormality that has no more than a minimal effect on an individual's ability to work. Newell, 347 F.3d at 546; Mays v. Barnhart, 78 F. App'x 808, 811 (3d Cir. 2003); S.S.R. 85-28. Any doubt as to whether the step-two showing has been made must be resolved in favor of the claimant.   Newell, 347 F.3d at 546-47.[4]

In cases involving mental impairments, the Social Security Administration Regulations set forth a specific technique for determining whether the mental impairment is severe.   20 C.F.R. § 404.1520a.   Under this technique, if the ALJ determines that a claimant's symptoms, signs, and laboratory findings support the existence of a medically determinable impairment, he then must assess the claimant's limitations in four functional areas to determine whether that impairment is "severe."   Id. § 404.1520a(b).   The four functional areas include: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself.   Id. § 404.1520a(c).   If the ALJ rates the degree of the claimant's limitation in each of the four functional areas as "none" or "mild," he generally will conclude that the impairment is not severe unless the evidence otherwise indicates that there is more than a minimal limitation in the claimant's ability to do basic work activities.   Id. § 404.1520a(d)(1).   In his written decision, the ALJ must incorporate his pertinent findings and conclusions based on this technique, including a specific finding as to the degree of limitation in each of the four functional areas.   Id. § 404.1520a(e).   The key question when reviewing the

---

[4]   Although the Court of Appeals for the Third Circuit has commented that the Commissioner's determination to deny an applicant's request for benefits at step two should be reviewed with close scrutiny, it also has made clear that it does not suggest that a reviewing court apply a more stringent standard of review in such cases.   McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004).   Rather, "[t]he Commissioner's denial at step two, like one made at any other step in the sequential analysis, is to be upheld if supported by substantial evidence on the record as a whole."   Id. at 360-61.

ALJ's Step 2 determination is not whether Plaintiff's impairments were in fact severe, but, rather, whether substantial evidence supports the ALJ's finding that those impairments were not severe.

In this case, I agree with Defendant that substantial evidence supports the ALJ's finding that Plaintiff's mental impairments are not severe. As an initial matter, the ALJ properly analyzed Plaintiff's impairments in accordance with the special technique set forth in 20 C.F.R. § 404.1520a. First, the ALJ recognized Plaintiff's major depressive disorder as a medically determinable impairment. [ECF No. 6-2, at 14]. He then properly analyzed that impairment in accordance with the special technique outlined above, including making specific findings as to the degree of limitation in each of the four functional areas as a result of Plaintiff's major depressive disorder. Id. at 14-16. In this regard, the ALJ concluded that Plaintiff had "mild" limitations in all four functional areas. Id. Based on his analysis, the ALJ concluded that Plaintiff's mental impairment was not severe. Id. (citing 20 C.F.R. § 404.1520a(d)(1)).

The ALJ properly supported these findings with substantial evidence in the record. See ECF No. 6-2 at 14-16 (citing, inter alia, Exhibits 4E, 5E, 9E, 5F, 8F, 10F, 11F, 18F, 21F, and Plaintiff's hearing testimony). In addition to citing treatment records noting, inter alia, that Plaintiff was talkative, made good eye contact, exhibited normal behavior, was well groomed, and had intact judgment, the ALJ pointed to Plaintiff's own testimony and/or written function reports stating that she was able to manage money, follow written and spoken instructions, play board and card games, finish what she starts, and did not have difficulty with understanding, memory, paying attention, or getting along with authority figures or others. See id.

Plaintiff argues that the ALJ erred in giving little weight to medical status evaluations submitted by therapist Rachelle Batson, MSE, and psychiatrist Stephen E. Lee, M.D. [ECF No. 11, at 7-13 (citing Exs. 15F & 16F)]. This argument is without merit. Although Plaintiff is correct

that these are the only "experts" to offer a medical opinion about Plaintiff's mental impairments, the ALJ appropriately discounted the opinions because they were not supported by the record evidence, including Plaintiff's own subjective reports; they did not contain detailed written explanations supporting the limitations; and the treating sources lacked program knowledge. [ECF No. 6-2, at 15-16]. After careful review, I find that substantial evidence supports the ALJ's conclusions. As an initial matter, both of the "opinions" at issue consist of identical one-page forms on which the providers simply circled pre-printed answers concerning Plaintiff's symptoms and alleged limitations in relation to her disability claim. See ECF No. 6-18 (Exs. 15F, 16F).[5] It is well-established that "check-box" forms such as the ones at issue here are inherently suspect and are weak evidence at best. See, e.g., Hevner v. Comm'r Soc. Sec., 675 F. App'x 182, 184 (3d Cir. 2017) ("'[C]heck box' forms that require little or no explanation . . . are 'weak evidence at best' in the disability context."); Grogan v. Comm'r of Soc. Sec., 459 F. App'x 132, 138 n.7 (3d Cir. 2012); Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993). It also is well-established that lack of support is a valid and acceptable factor in weighing opinion evidence. See 20 C.F.R. §

_____

[5] At the hearing, Plaintiff testified that Dr. Lee was the psychiatrist at Centerville Clinics where her primary care doctor also was located. ECF No. 6-3, at 43-44. She said that she did not know Rachelle's last name, but that she was the counselor/therapist associated with Dr. Lee. Id. She testified that she started seeing both providers in 2015 after she filed her social security appeal, and that she would have therapy sessions with Rachelle and see Dr. Lee on occasion to check her medication. Id. at 44-46. Both Mental Status Evaluations were on identical one-page forms and were dated one day apart (September 1 and 2, 2016). After circling Plaintiff's primary symptoms from a preprinted list, Dr. Lee opined that Plaintiff *never* has difficulty maintaining activities of daily living or carrying out simple, routine, repetitive tasks; often has difficulty managing even a low stress situation and maintaining concentration; and experiences 4+ bad days per month during which her symptoms are increased and she would not be able to complete an 8-hour work shift. [ECF No. 6-18 (Ex. 15F)]. On an identical form, Ms. Batson opined that Plaintiff often has difficulty maintaining activities of daily living and managing even a low stress situation; occasionally has difficulty maintaining concentration and carrying out simple, routine, repetitive tasks; and experiences 4+ bad days per month during which her symptoms are increased and she would not be able to complete an 8-hour work shift. [ECF No. 6-18 (Ex. 16F)]. The record does not contain any underlying treatment records from Dr. Lee or Ms. Batson.

404.1527(c).[6]  As the ALJ correctly noted, neither provider provided any written explanation supporting the alleged limitations or referred to treatment notes or other relevant evidence regarding the same.  See id.  Indeed, Plaintiff never provided *any* of the underlying mental health treatment notes to the SSA despite the ALJ giving her an extended opportunity to do so.  See ECF No. 6-3, at 45, 67-68 (agreeing to hold the record open so that Plaintiff could submit the records).  Moreover, as set forth above, both Plaintiff's self-reported limitations and the few references to Plaintiff's mental health symptoms contained in other treatment notes of record are inconsistent with the significant restrictions set forth in the cursory forms at issue.  See 20 C.F.R. § 404.1527(c)(3).  For all of these reasons, I find no error in the ALJ's evaluation of the medical opinion evidence or Plaintiff's mental health impairments at step two.

In addition, and in any event, the ALJ did not deny Plaintiff's application for benefits at step two of the analysis.  Rather, the ALJ found in Plaintiff's favor at step two when he concluded that Plaintiff's degenerative disc disease, COPD, obesity, obstructive sleep apnea, and chronic kidney disease, stage III, were severe impairments.  [ECF No. 6-2 at 14].  The ALJ ruled against Plaintiff at step four of the sequential evaluation process, after concluding that her residual functional capacity was sufficient to enable her to perform her past relevant work.  Id. at 21-22.  Moreover, the ALJ included limitations related to her alleged mental health impairments in his RFC finding, including a limitation to tolerating few changes in a routine work setting defined as a stable work environment where the workplace and work process remain generally the same one-third of the time; and, in addition to normal breaks, Plaintiff would be able to be off task five-ten percent of the time in an eight-hour workday.  Id. at 17.  Because the ALJ found in Plaintiff's

---

[6] Although the regulations governing the evaluation of medical evidence were recently amended, the version effective March 27, 2017, does not apply to the present claim.  See 20 C.F.R. §§ 404.1527, 404.1520c (2017).

favor at step two and proceeded with the sequential analysis, even if he had erroneously concluded that her mental impairments were not severe, any such error was harmless. See Salles v. Comm'r of Soc. Sec., 229 F. App'x 140, 144-45 & n.2 (3d Cir. 2007) (citing Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005)).

In short, it is well-established that the ALJ, and not treating or examining physicians or state agency consultants, are responsible for making ultimate disability determinations. For the reasons set forth above, the ALJ's finding that Plaintiff's mental impairments were not severe is supported by substantial evidence and/or any error in this regard was harmless. Accordingly, Plaintiff's Motion for Summary Judgment on this issue is denied.

C.   **WHETHER THE ALJ'S ANALYSIS OF PLAINTIFF'S "CREDIBILITY" WAS FLAWED BECAUSE IT FAILED TO ACKNOWLEDGE HER WORK HISTORY**

Although Plaintiff recognizes that an ALJ's "credibility" determinations generally are entitled to deference and that courts are reluctant to overrule such determinations, she nevertheless argues that this case is different because, here, the ALJ failed to consider her "stellar work history" in determining whether her symptoms were consistent with and supported by the record. [ECF No. 11, at 13-15]. I disagree.

In determining disability, the ALJ must consider all of a claimant's symptoms, including pain. In considering the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ will examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record. SSR 16-3p.[7] Additionally, the ALJ will

---

[7] Social Security Ruling 16-3p, effective March 28, 2016, rescinded and superseded Ruling 96-7p. Because the date of the ALJ's opinion in this case, August 9, 2017, post-dates the March 28, 2016 effective date, Ruling 16-3p applies. See 82 Fed. Reg. 49462 (clarifying that SSA adjudicators will apply Ruling 16-

consider daily activities; the location, duration, frequency, and intensity of pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.  20 C.F.R. § 404.1529(c).  The ALJ also will look at inconsistencies between the claimant's statements and the evidence presented.  Id.  I must defer to the ALJ's determinations, unless they are not supported by substantial evidence.  See Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974); Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir.2003).

After a review of the record in this case, I find the ALJ applied the above standard.  [ECF No. 6-2, at 19-21].  The ALJ did not ignore or deny the fact that Plaintiff experienced symptoms such as back pain, shortness of breath, and difficulty concentrating, but he considered Plaintiff's allegations in connection with all of the other evidence of record in finding that her statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other record evidence.  Id.  For example, the ALJ considered, inter alia, the types and frequency of treatment sought by Plaintiff, her activities of daily living, and the measures used to relieve her symptoms.  Id.  (citing, inter alia, Exs. 1A, 4A, 3F, 4F, 5F, 6F, 8F, 9F, 11F, 14F, 17F, 18F, 21F).  Again, the ALJ did not discount Plaintiff's

---

3p when making determinations and decisions after March 28, 2016).  Although the two rulings do not materially differ in substance, Ruling 16-3p eliminates the use of the term "credibility" and clarifies that "subjective symptom evaluation is not an examination of an individual's character."  SSR 16-3p; see also 20 C.F.R. § 404.1529(c) (effective March 27, 2017).

alleged symptoms in their entirety.   Rather, he limited Plaintiff to sedentary work and included

numerous restrictions related to her complaints in his RFC finding.   Id. (imposing limitations on,

inter alia, lifting, carrying, pushing, pulling, sitting, standing, walking, reaching, climbing, kneeling,

crawling, work setting, and time on task).

Plaintiff's contention that the ALJ nevertheless erred because he failed to mention her

"stellar work history" is without merit.   As Plaintiff acknowledges in her Brief, I have addressed

this exact issue in prior cases, explaining:

> Certainly, "when the claimant has worked for a long period of time, his testimony
> about his work capabilities should be accorded substantial credibility." Schreibeis
> v. Comm'r. of Soc. Sec., Civ. No. 10-1025, 2012 WL 11101, at *1 n. 1 (W.D. Pa.
> Jan. 3, 2012); see also, Patton v. Astrue, Civ. No. 8-205J, 2009 WL 2876715, at *3
> (W.D. Pa. Sept. 8, 2012) (stating, "[i]t is true that the testimony of a claimant with a
> long, productive work history will be given substantial credibility concerning her
> work-related limitations, assuming those limitations are also supported by
> competent medical evidence."). However, work history alone is not dispositive of
> credibility. Thompson v. Astrue, Civ. No. 9-319, 2010 WL 3661530, at * 4 (W.D. Pa.
> Sept. 20, 2010). A claimant's work history is just "one of many factors the ALJ
> considers in assessing an individual's subjective complaints ... the ALJ is not
> required to equate a long work history with credibility."   Patton, 2009 WL 2876715,
> at * 3.   As other judges in this district have noted, the cases in which the Third
> Circuit concluded that the ALJ should have considered a long work history as
> affording substantial credibility, e.g., Dobrowsky v. Califano, 606 F.2d 403, 409 (3d
> Cir. 1979), involved claimants whose subjective symptoms were supported by
> evidence of record.   "The fact alone that a claimant has a long work history does
> not require a remand, particularly when medical evidence does not support a
> claimant's testimony of the extent of her limitations." Cox v. Colvin, Civ. No. 15-
> 1768, 2017 WL 2772299, at * 8 (E.D. Pa. Jan. 31, 2017) (citations omitted).

Schwartz v. Berryhill, No. CV 17-854, 2018 WL 3575046, at *7–8 (W.D. Pa. July 25, 2018); see

also Schreibeis v. Comm'r of Soc. Sec, Civil Action No. 10-1025, 2012 WL 11101, at *1, n.1 (W.D.

Pa. Jan. 3, 2012); Sanborn v. Comm'r of Soc. Sec., 613 F. App'x 171, 177 (3d Cir. 2015);

McMasters v. Berryhill, No. 17-119, 2018 WL 928253, at *3 (W.D. Pa. Feb. 15, 2018).

Here, the ALJ was clearly aware of Plaintiff's work history. He acknowledged that Plaintiff

had past relevant work as a receptionist, supervisor of lending activities, and mortgage clerk.

[ECF No. 6-2, at 21 (citing Ex. 2D, 3E)]. The ALJ also noted that Plaintiff's "earnings record shows that the claimant has acquired sufficient quarters of coverage to remain insured through December 31, 2018." Id. at 12. Yet, as set forth elsewhere herein and in the ALJ's Opinion, the evidence of record does not reasonably establish that Plaintiff is precluded from returning to her past work. As such, I find that the ALJ adequately evaluated Plaintiff's credibility and that his findings in this regard are supported by substantial evidence.

### III. <u>CONCLUSION</u>

For all of the foregoing reasons, Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for Summary Judgment is denied. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VICKI MILLER HODNETT,           )
                                )
                Plaintiff,       )
                                )
        vs.                      )       Civil Action No.   2:18-1074
                                )
ANDREW M. SAUL, Commissioner of  )
Social Security,[1]              )
                                )
                Defendant.       )
                                )
                                )

AMBROSE, Senior District Judge

**ORDER OF COURT**

AND NOW, this 12th day of August, 2019, after careful consideration of the submissions

of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered

that the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment [ECF No.

10] is DENIED and Defendant's Motion for Summary Judgment [ECF No. 12] is GRANTED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 18, 2019, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).